United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| NAYERISINAI DE LA CARIDAD FERNANDEZ REITOR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-374 |
| | § | |
| MIGUEL VERGARA *et al.*[1] | § | |

**ORDER**

Before the Court is Petitioner's Emergency Motion to Enforce the Court's Order, Reconsider the Remedy, and Order Immediate Release (Dkt. No. 13). Following its review of the motion and the applicable law, the Court **DENIES** Petitioner's Motion (Dkt. No. 13).

## I. BACKGROUND

Petitioner, a Cuban national, entered the United States on or about November 19, 2023 (Dkt. Nos. 1 at 2, 6-2 at 1). ICE detained her in December 2025, and she remains in their custody (Dkt. Nos. 1 at 2; 13 at 1). She filed a petition for a writ of habeas corpus, seeking her immediate release or a bond hearing (Dkt. No. 1 at 11). The Court ordered Respondents to give Petitioner a bond hearing and they complied (Dkt. Nos. 10 at 1; 12 at 1). However, an Immigration Judge ("IJ") denied Petitioner bond, finding she was a flight risk (Dkt. No. 12-1 at 1). Notwithstanding her bond hearing, Petitioner moves to enforce the Court's Order and for her immediate release (*see* Dkt. No. 13).

## II. LEGAL STANDARD

"All orders and judgments of courts must be complied with promptly. *Seven Arts*

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

*Filmed Ent. Ltd. v. Jonesfilm*, 538 F. App'x 444, 446 (5th Cir. 2013) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). "It is axiomatic that federal courts possess inherent power to enforce their judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation modified) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). Absent this authority, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356.

## III. DISCUSSION

Petitioner argues the IJ "failed to provide [a] meaningful individualized determination" (Dkt. No. 13 at 3). She contests the IJ's assessment of her flight risk, arguing that the IJ did not meaningfully consider her evidence (Dkt. No. 13 at 1). Petitioner's counsel further contends that she did not have enough time to gather complete evidence for the bond hearing (Dkt. No. 13 at 2). For these reasons, Petitioner requests her immediate release. The Court declines her request.

### A. Bond Denial

Essentially, Petitioner argues that she was denied an adequate bond hearing (Dkt. No. 13 at 1–3). As the Court has previously observed, it lacks jurisdiction to examine Petitioner's bond denial. *See Leyva-Marce v. Noem*, 5:26-cv-75, slip op. at 6–8 (S.D. Tex. Feb. 24, 2026) (Garcia Marmolejo, J.).

The Supreme Court's "longstanding view" is that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). Congress made clear:

> **The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review**. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e) (emphasis added). In other words, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (Saldaña, J.) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). A challenge to an IJ's bond decision is expressly barred by § 1226(e). *Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025); *see also Perez v. Noem*, No. SA-25-CA-01534-XR, 2025 WL 3654262, at *4 (W.D. Tex. Dec. 5, 2025) (Rodriguez, J.) (citing *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019)) (noting district courts lack jurisdiction to consider an IJ's discretionary decision to deny an alien bond).

Here, Petitioner fails to overcome § 1226(e) because the IJ provided her with a bond hearing and determined she was a flight risk (Dkt. Nos. 12-1 at 1; 13 at 1). It is not the Court's place to usurp the IJ's role in weighing the evidence as presented—specifically whether Petitioner's individualized characteristics made her a flight risk. *See Perez Sierra v. Bondi*, No. 25-CV-18829, 2026 WL 497070, at *4 (D.N.J. Feb. 23, 2026) (declining to reach IJ's discretionary decision after a bond hearing was ordered).

### B. Enforcement of Prior Order

Simply put, the Court is perplexed as to what Petitioner seeks to enforce. The only relief the Court granted in its Order was a bond hearing (*see* Dkt. No. 10). Respondents provided Petitioner with a bond hearing (Dkt. Nos. 12 at 1; 13 at 1). Accordingly, Respondents did not fail to perform the act ordered, and the Court rejects Petitioner's invitation to expand its Order and release her.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Emergency Motion to Enforce the Court's Order, Reconsider the Remedy, and Order Immediate Release (Dkt. No. 13) is **DENIED**.

Petitioner's Motion for Ruling and Motion to Expedite (Dkt. No. 14) is **DENIED AS MOOT**.

It is so **ORDERED**.

**SIGNED** October 16, 2026.

Marina Garcia Marmolejo
United States District Judge